

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ARCHIE PERDUE,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF RIVERSIDE POLICE DEPARTMENT, et al.,<br><br>    Defendant(s). | No. EDCV 08-1266-ODW (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the magistrate judge's Report and Recommendation. The Court agrees with the recommendation of the magistrate judge.

IT IS ORDERED that (1) the Magistrate Judge's Report and Recommendation is adopted; (2) the first cause of action against Defendant is dismissed solely in his official capacity; and (3) the second cause of action is dismissed for failure to state a claim.

DATED: 2/11/09

OTIS D. WRIGHT II
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCHIE PERDUE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF RIVERSIDE POLICE DEPARTMENT, et al.,<br><br>　　　　Defendants. | NO. EDCV 08-1266-ODW (AGR)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

　　　　The Court submits this Report and Recommendation to the Honorable Otis D. Wright II, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. For the reasons set forth below, the Magistrate Judge recommends (1) dismissal of the first cause of action against Defendant solely in his official capacity; and (2) dismissal of the second cause of action for failure to state a claim.

///

///

///

///

I.

## **BACKGROUND**

On September 24, 2008, Plaintiff, who is incarcerated at the Robert Presley Detention Center in Riverside, filed a complaint pursuant to 42 U.S.C. § 1983.

In accordance with the mandate of the Prison Litigation Reform Act of 1995, on November 7, 2008, the Court screened the complaint ("Screening Order") to determine whether the action was frivolous or malicious, failed to state a claim on which relief might be granted, or sought monetary relief against a defendant who was immune from such relief. 28 U.S.C. §§ 1915A; see also 42 U.S.C. § 1997e(c)(1).

The Court's screening of the complaint was governed by the following standards. A complaint may be dismissed for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Since Plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).

Before dismissing a *pro se* civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure them unless it is absolutely clear the deficiencies cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623-24; *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

After careful review of the complaint under these standards, the Court found that in some respects it failed to state a claim upon which relief might be

granted. Accordingly, the Court dismissed the complaint with leave to amend. (Dkt. No. 5.)

On December 5, 2008, Plaintiff filed a First Amended Complaint ("FAC"). Plaintiff failed to cure deficiencies noted in the Screening Order. Therefore, the Magistrate Judge recommends (1) dismissal of the first cause of action against Defendant solely in his official capacity; and (2) dismissal of the second cause of action for failure to state a claim.

## II.

## ALLEGATIONS IN FAC

Plaintiff names Everth Bercian, a patrol officer with the Riverside Police Department, as the only defendant in his individual and official capacities.

On July 22, 2007, at about 2:00 a.m., Bercian responded to a domestic dispute. While "subduing the plaintiff," Bercian slammed Plaintiff onto the hood of his patrol car, thereby fracturing Plaintiff's left foot. Bercian placed Plaintiff in custody. Plaintiff told Bercian "he didn't want the other partie (sic) to have the keys to his vehicle," but Bercian later gave the keys "to the other partie (sic) who later sold the Plaintiff (sic) vehicle and personal belongings." (FAC at 1.)

Plaintiff sets forth two causes of action: (1) excessive force; and (2) due process violation for the loss of his property (his car keys, his car, and his belongings). He seeks damages of $250,000.

## III.

## DISCUSSION

### A.    Official Capacity

A municipal entity may be sued under § 1983 when "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Local entities may

3

also be "sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." *Id.* at 690-91.

Plaintiff names Bercian in his individual and official capacities. (FAC at 3); *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) ("A suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself").

Plaintiff has failed, however, to allege any policy, custom, or practice that led to the alleged constitutional violations. *See Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 403, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997) ("a plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury).

Plaintiff was advised in the Screening Order that he must identify a policy, custom, or practice that led to the alleged constitutional violations, but he has failed to do so.[1] (Dkt. No. 5.) Accordingly, the claims against Bercian in his official capacity should be dismissed with prejudice.

### B. Due Process Claim

"[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984); *see also Blueford v. Prunty*, 108 F.3d 251, 255-56 (9th Cir. 1997).

When the state provides a meaningful postdeprivation remedy, only

---

[1] To the extent Plaintiff believes that the Riverside Police Department "is responsible for it's (sic) employee's negligent acts" (FAC at 5), he is incorrect. *See Collins v. City of Harker Heights*, 503 U.S. 115, 123, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992) (*"Respondeat superior* or vicarious liability will not attach under § 1983.").

4

*authorized*, intentional deprivations constitute actionable, due process violations; an authorized deprivation is one based on established procedures, regulations, or statutes. *Piatt v. MacDougall*, 773 F.2d 1032, 1036 (9th Cir. 1985) (en banc). California provides an adequate remedy for tort claims by prisoners against public officials in California Government Code § 844.6(d). The procedure for making such a claim is set forth in Government Code §§ 900 *et seq.*

Plaintiff was advised in the Screening Order that he must, if he can, allege facts that Bercian's actions were pursuant to a procedure, regulation, or statute. (Dkt. No. 5.) In the FAC, Plaintiff has failed to do so. Accordingly, Plaintiff failed to state a claim and the second cause of action for a due process violation against Bercian in both his individual and official capacities should be dismissed.

## IV.

## RECOMMENDATION

For the reasons discussed above, it is recommended that the District Court issue an Order (1) adopting this Report and Recommendation; (2) dismissing the first cause of action against Defendant solely in his official capacity; and (3) dismissing the second cause of action for failure to state a claim.

DATED: December 22, 2008

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

5